BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| IN RE:<br><br>GRANULATED SUGAR ANTITRUST LITIGATION | MDL No. 3110 |
|---|---|

**HEIDI HUMPHREYS'S RESPONSE TO MOTION TO TRANSFER ACTIONS FOR CONSOLIDATED OR COORDINATED PRETRIAL PROCEEDINGS**

Heidi Humphreys, the plaintiff in *Humphreys v. ASR Group International, Inc., et al.*, Case No. 24-CV-80451 (S.D. Fla.), one of more than a dozen cases now pending in three districts throughout the country, submits this response to Plaintiffs KPH Healthcare Servies, Inc., and Redner's Markets, Inc.'s ("Movants") Motion to Transfer Related Actions for Consolidated or Coordinated Pretrial Proceedings to the United States District Court for the Southern District of New York [ECF No. 1]. Plaintiff Humphreys agrees that centralization of all related cases is warranted pursuant to 28 U.S.C. § 1407. But the Southern District of Florida, and not the Southern District of New York nor the District of Minnesota, is the most appropriate transferee forum.

As explained below, the Southern District of Florida oversees the most efficient civil docket in the country; it is a venue that is consistently two to five times faster than the other two options. Florida also has a stronger connection to these actions because it is the location of common evidence: it is responsible for 50% of all American sugarcane production and it houses more defendants than New York and Minnesota.

## DISCUSSION

**I.      The Southern District of Florida is the most efficient forum in the country.**

The Southern District of Florida provides a highly convenient and accessible forum and, of the three proposed options, runs the most efficient civil docket—by a long shot. In contrast, the Southern District of New York and the District of Minnesota close fewer civil cases on average,

have a slower median disposition time for civil cases, and have more pending civil cases, both per judge and in total. Given the nationwide and complex nature of these actions, the Southern District of Florida, with its experienced and efficient judges, stands out among the three proposed districts as the best-suited to "promote the just and efficient conduct" of these actions. 28 U.S.C. § 1407(a).

      **A.**    **Docket conditions in the Southern District of Florida favor the transfer of the actions there.**

The Southern District of Florida has the judicial expertise and existing docket conditions necessary to "promote the just and efficient conduct" of the consolidated pretrial proceedings in the actions. *See* 28 U.S.C. § 1407(a). When transferring other multi-district litigation, the Panel has often approvingly pointed to the favorable docket conditions of the transferee district. *See, e.g.*, *In re Wright Med. Tech., Inc. Conserve Hip Implant Prods. Liab. Litig.*, 844 F. Supp. 2d 1371, 1373 (J.P.M.L. 2012) (transferring actions involving a product that was "marketed and sold throughout the nation" to a district that "enjoys favorable docket conditions"); *In re DePuy Ortho., Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F. Supp. 2d 1358, 1360 (J.P.M.L. 2011) (same); *In re Skechers Toning Shoe Prods. Liab. Litig.*, 831 F. Supp. 2d 1367, 1370 (J.P.M.L. 2011) (transferring actions to a district that "enjoys general docket conditions conducive to the efficient resolution of this litigation").

The current docket conditions in the Southern District of Florida weigh strongly in favor of transfer to this district. According to the most recent compilation of Federal Court Management Statistics by the Administrative Office of the U.S. Courts, the Southern District of Florida ranks *first* in the entire country in the most significant measure of docket conditions: the median time from filing to disposition in civil cases.[1] *See* Table C-5, U.S. District Courts – Median Time

---

[1] The significance of this statistic is well established. *See In re Nat'l Student Mktg. Litig.*, 368 F. Supp. 1311, 1318 (J.P.M.L. 1972) (noting the importance of median time to disposition when comparing districts).

2

Intervals From Filing to Disposition of Civil Cases Terminated (Dec. 31, 2023), *available at* https://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2023/12/31.

Across all civil cases, the median time interval, in months, from filing to disposition during the 12-month period ending on Decembrer 31, 2023, was about 7 months for the District of Minnesota, 5.5 months for the Southern District of New York, and an astonishing 0.03 months for the Southern District of Florida. *Id.* The 2023 calendar year was no fluke: the district has been two to five times faster than the Southern District of New York and the District of Minnesota since at least 2018. *See* U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics (Dec. 31, 2023), *available at* https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2023/12/31-1. These efficiencies hold true through trial. In the Southern District of Florida, the median civil case goes to trial nearly two years sooner than in the Southern District of New York, and more than a year before civil cases in the District of Minnesota. *Id.*

Docket conditions are also favorable in other ways. Per judge, the Southern District of Florida has half the pending cases as the Southern District of New York and a fourth of the pending cases in the District of Minnesota. *Id.* Overall, the district has over 3,000 fewer pending cases than the District of Minnesota and over 12,000 fewer pending cases than the Southern District of New York, *id.*, even though more cases were filed in the Southern District of Florida in 2023, *id.*

These numbers are not the byproduct of a comparatively simpler docket. Just the opposite. The Federal Court Management Statistics assign a weighted value to filings, with "more time-consuming cases" receiving "higher weights," and "cases demanding relatively little time from judges receiv[ing] lower weights." *Explanation of Selected Terms*, Federal Court Management Statistics (Dec. 2023), *available at* https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-december-2023. This metric, more than any other, highlights the profound

efficiency of the Southern District of Florida's capable jurists. Despite having twofold more time-consuming cases filed per judge, the Southern District of Florida closed out more than twice the number of cases than the Southern District of New York and the District of Minnesota. *See* U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics. Against the national backdrop, the disparity between the three districts could not be starker. The Southern District of Florida ranks third in the country in weighted filings and second in case terminations, compared to 27th and 48th, respectively, for the Southern District of New York, and 24th and 24th, respectively, for the District of Minnesota. *Id.* Perhaps most incredibly, the Southern District of Florida managed those feats of efficiency despite completing *more trials*, per judge, than the Southern District of New York and the District of Minnesota every year, for the past six years. *Id.*

As the judiciary's official statistics demonstrate, the Southern District of Florida uniquely "enjoys general docket conditions conducive to the efficient resolution of this litigation." *In re Skechers Toning Shoe Prods. Liab. Litig.*, 831 F. Supp. 2d at 1370. Transferring these actions to the Southern District of Florida, a venue that is consistently two to five times faster than the other two options, is the most efficient consolidation available. *See In re: £Maxim Integrated Prod., Inc., Pat. Litig.*, 867 F. Supp. 2d 1333, 1336 (U.S. Jud. Pan. Mult. Lit. 2012) (selecting transferee district that had "favorable caseload conditions" and was "relatively geographically accessible"). It is also the most just—the district's civil cases see trial one to two ***years*** before civil cases in the other options.

> **B.** **The judges in the Southern District of Florida are well-equipped to lead this litigation, including the judges who have been assigned to the pending cases.**

The "weighted filings" value reported by the Administrative Office of the U.S. Courts establishes that the Southern District of Florida handles more time-consuming cases, and handles them more efficiently, than either the Southern District of New York or the District of Minnesota.

Yet that figure tells only part of the story. The Southern District of Florida historically has been home to significant MDLs, virtually all of which have proceeded expediently. The district presently has nine MDLs distributed across seven of its 28 judges; and only five of its 17 active district judges currently have an MDL. *See* MDL Statistics Report – Distribution of Pending MDL Dockets by District (Apr. 1, 2024), *available at* https://www.jpml.uscourts.gov/pending-mdls-0. What's more, of the nine MDLs presently in the district, several are wrapping up. The upshot is that the district, given its productivity and number of judges, is well-positioned to absorb an additional MDL without sacrificing the requisite expertise, attention, and efficiency that an MDL deserves.

So far, three cases have been filed in the Southern District of Florida. All three, *Edlin v. ASR Group International, Inc.*, Case No. 24-CV-80442-Middlebrooks (S.D. Fla.); *Humphreys v. ASR Group International, Inc.*, Case No. 24-CV-80451-Middlebrooks (S.D. Fla.); and *Vicky Enterprises v. ASR Group International, Inc.*, Case No. 24-cv-21386-Williams (S.D. Fla.); are assigned to highly respected, seasoned jurists. Judge Middlebrooks has years of MDL experience and is well-equipped to shepherd this litigation. Though Judge Williams has not yet presided over an MDL, this Panel has viewed favorably "the opportunity to assign the litigation to . . . an able and experienced jurist who has not yet had the opportunity to preside over a multidistrict litigation," *In re Domestic Airline Travel Antitrust Litig.*, 140 F. Supp. 3d 1344, 1346 (J.P.M.L. 2015).

Of course, every one of the district's judges is more than capable of handling this litigation. *See In re: Takata Airbag Prod. Liab. Litig.*, 84 F. Supp. 3d 1371, 1373 (J.P.M.L. 2015) (commenting upon the ability and experience of the bench in the Southern District of Florida); *In re: Checking Account Overdraft Litig.*, 626 F. Supp. 2d 1333, 1336 (J.P.M.L. 2009) (recognizing

the district's "capacity to manage [an] MDL proceeding"). Not only does each judge contribute to the district's best-in-the-nation median disposition time, but the district's bench has judges with deep, varied experience. To illustrate, the experience of Judge Rosenberg, whom four years ago this Panel assigned *In re Zantac (Ranitidine) Prod. Liab. Litig.*, and recognized as an "able jurist" who could steer the litigation "efficient[ly] and prudent[ly]," 437 F. Supp. 3d 1368, 1370 (U.S. Jud. Pan. Mult. Lit. 2020), is emblematic of the well-rounded experience found in the district. Over the course of her career, Judge Rosenberg has served as a state court judge, as a partner at two law firms, as vice president and general counsel of a company, as city attorney in West Palm Beach, and as a lawyer with the U.S. Department of Justice. *See* Hon. Robin Rosenberg, The Sedona Conference, *available at* https://thesedonaconference.org/bio/237611. The rest of the bench boasts similarly diverse backgrounds.

## II. The Southern District of Florida is ideally situated to accommodate the convenience of the parties and witnesses.

The Southern District of Florida is based in Miami, a vibrant city with abundant accommodations and ideal, year-round weather. Miami is more convenient than New York City, with more affordable lodging and more accessible airports. It is larger than Minneapolis, with three—as opposed to one—international airport options, all connected by highspeed rail. The Southern District of Florida also has the strongest connection to the majority of the defendants— more defendants are located in the Southern District of Florida than in any other, and many of the other defendants are registered to do business in Florida or own property in Florida. As a result, Florida, more than any other available district, is the likely location of common evidence.

### A. The Southern District of Florida is accessible and affordable to visit.

As the Panel knows well, the Southern District of Florida, centered in Miami, offers a "readily accessible" district. *In re Enfamil Lipil Marketing & Sales Practices Litig.*, 764 F. Supp.

2d 1356, 1357 (J.P.M.L. 2011).  The district is home to three international airports, one of which, Miami International Airport, functions as one of American Airlines' main hubs and ranks among the busiest airports in the country, handling about 54.3 million travelers in 2023 alone.  Press Release, Miami-Dade County (Feb. 16, 2024).[2]  Given that the actions are spread among districts in the Northeast, Midwest, and Southeast, the ease of air travel to the Southern District of Florida is paramount to its centrality to all of the districts.  What's more, once *in* Miami, Miami International Airport is centrally located and significantly more convenient and affordable to get to and from than any of New York's airports, and at least as convenient as Minneapolis-Saint Paul International Airport.  The other two international airports (and their cities of residence) are all connected to Miami by highspeed and affordable rail, the Florida Brightline.

The Southern District of Florida is also centrally located considering the location of the parties and witnesses.  It is home to three defendants (ASR Group, ASR, and Domino)—more than any single other district in contention.  And as one of the largest metropolitan areas in the country, Miami has ample accommodations for business travelers, as well as ideal, year-round weather for holding hearings.  Plus, Miami is overall more affordable than New York City as a destination. *See* 28 Most Expensive Tourist Destinations in the US, *Yahoo!finance* (June 19, 2023).[3]

### B. Three defendants maintain their headquarters in the Southern District of Florida, and other defendants have significant connections to South Florida.

ASR Group, ASR, and Domino all have their principal place of business in the Southern District of Florida. None of the defendants have their headquarters in New York, a fact that cuts heavily against consolidation in the Southern District of New York.  Two defendants, United Sugars and Cargill, are headquartered in Minnesota.  United Sugars, however, has a refinery in

---

[2] *Available at* https://www.miamidade.gov/global/release.page?Mduid_release=rel1708095866903273.
[3] *Available at* https://finance.yahoo.com/news/most-expensive-tourist-destinations-us-230038684.html.

Florida *and* one of its four members has an ownership interest in Sugar Cane Growers Cooperative of Florida, which is based in the Southern District of Florida and is part-owner of Domino. Furthermore, Cargill is registered to do business in Florida, as is United Sugars. These facts favor consolidation in Florida, because Florida is the state with the most connections to the majority of the defendants.

    **C.**    **Florida is the location of common evidence.**

The Florida operations of ASR Group, ASR, Domino, United Sugars, and Cargill make the state the likely location of common evidence. No other district in contention is home to more defendants. United Sugars and Domino have intertwined ownership interests through Domino's part-owner, Sugar Cane Growers Cooperative of Florida. Florida is also home to numerous processing, production, and distribution facilities, and it alone produces 50% of all American sugarcane. *See* Figure 1, below.



Finally, New York has virtually no role in American sugar production. And while Minnesota does play a role in beet sugar production, beet production is spread across more than 10 states, whereas Florida, as shown in Figure 1, is responsible for 50% of all American sugarcane production. *See* Background, Sugar & Sweeteners, Economic Research Service, U.S. Dep't of Agriculture (Oct. 19, 2021).[4] Thus, because sugarcane is more concentrated in a single state and because Florida has more robust connections to a greater number of defendants, including housing three of them, Florida is likely to have as much, if not more, common evidence than Minnesota.

## CONCLUSION

The Southern District of Florida is the most efficient district in the country. It offers an array of experienced, highly productive judges, who statistically clear more time-consuming cases on a shorter time horizon than any other federal bench. Only five of the district's 17 active judges have MDLs, strongly positioning the district to absorb another MDL without risk that the added workload will destabilize the pending flow of cases.

These actions are the right MDL for the Southern District of Florida. The district houses the most defendants and has more connections to a greater number of defendants. As a metropolitan area, Miami is the right middle ground between New York City and Minneapolis, offering the best combination of centrality, accessibility, affordability, and proximity to common evidence.

---

[4] *Available at* https://www.ers.usda.gov/topics/crops/sugar-and-sweeteners/background/.

| | |
|---|---|
| April 15, 2024 | Respectfully submitted, |

By: /s/ *Peter Prieto*

**PODHURST ORSECK, P.A.**
Peter Prieto
Florida Bar No. 501492
Matthew P. Weinshall
Florida Bar No. 84783
Dayron Silverio
Florida Bar No. 112174
One S.E. 3rd Avenue, Suite 2300
Miami, FL 33131
(305) 358-2800
pprieto@podhurst.com
mweinshall@podhurst.com
dsilverio@podhurst.com

**Janove PLLC**
Raphael Janove
PA Bar No. #328568
1617 John F. Kennedy Blvd, 20th Fl.
Philadelphia, PA 19106
(215) 267-0100
raphael@janove.law