**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: GRANULATED SUGAR
ANTITRUST LITIGATION                                                    MDL No. 3110

**TRANSFER ORDER**

**Before the Panel**:*  Plaintiffs in two actions pending in the Southern District of New York move under 28 U.S.C. § 1407 to centralize this litigation in that district.  This litigation consists of five actions pending in two districts, as listed on Schedule A.  In addition, the parties have informed the Panel of 40 related actions pending in eight districts.[1]

All responding parties either support or do not oppose centralization.  They differ, however, as to the proposed transferee forum.  Plaintiffs in the third action on the motion pending in the Southern District of New York (*Fowler*) support centralization in that district.  Plaintiff in a potential tag-along action pending in the Southern District of New York suggests centralization either in that district or the Eastern District of New York.  Plaintiffs in the two actions on the motion pending in the District of Minnesota, as well as plaintiffs in nine potential tag-along actions pending in that district, propose instead centralization in the District of Minnesota.  Plaintiffs in two potential tag-along actions pending in the Southern District of Florida suggest centralization in that district.

Defendants ASR Group International, Inc., American Sugar Refining, Inc., and Domino Foods, Inc., United Sugar Producers & Refiners Cooperative, and Michigan Sugar Company support centralization in the District of Delaware.  Defendant Cargill, Inc., takes no position on centralization.  It suggests either the District of Minnesota or the District of Delaware as the transferee district.[2]

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the District of

---

* One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Cargill initially opposed centralization in its briefing but changed its position prior to oral argument.

- 2 -

Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions share factual questions arising from allegations that defendants conspired to artificially increase the price of refined sugar by sharing competitively sensitive and nonpublic information regarding their refined sugar prices, capacity, and sales through co-defendants Richard Wistisen and his company, Commodity Information, Inc.  The complaints are substantially similar and, save for Cargill, Inc., name the same defendants.  Further, the actions are brought on behalf of overlapping putative nationwide and multistate classes of direct and indirect purchasers of granulated sugar.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly as to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The District of Minnesota is an appropriate transferee district for this litigation.  Nearly thirty of 45 related actions in this docket are pending in the District of Minnesota.  Numerous plaintiffs and one defendant (in the alternative) suggest centralization in this district, which presents a convenient and accessible venue for this nationwide litigation.  The District of Minnesota also has the resources to efficiently manage this litigation.  We assign this action to Judge Jerry W. Blackwell, who we are confident will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Jerry W. Blackwell for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
David C. Norton              Roger T. Benitez
Dale A. Kimball              Madeline Cox Arleo

**IN RE: GRANULATED SUGAR**
**ANTITRUST LITIGATION**                                    MDL No. 3110

## SCHEDULE A

<u>District of Minnesota</u>

WNT, LLC, ET AL. v. UNITED SUGAR PRODUCERS & REFINERS
    COOPERATIVE, ET AL., C.A. No. 0:24−00959
MORELOS BAKERY LLC v. UNITED SUGAR PRODUCERS & REFINERS
    COOPERATIVE, ET AL., C.A. No. 0:24−00966

<u>Southern District of New York</u>

KPH HEALTHCARE SERVICES, INC. v. ASR GROUP INTERNATIONAL, INC.,
    ET AL., C.A. No. 1:24−01941
REDNER'S MARKET, INC. v. ASR GROUP INTERNATIONAL, INC., ET AL.,
    C.A. No. 1:24−01968
FOWLER, ET AL. v. ASR GROUP INTERNATIONAL, INC., ET AL.,
    C.A. No. 1:24−01972